**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOHN WAYNE MCCHRISTON, JR.**                                                        **PLAINTIFF**

**v.**                                                                         **No. 3:26-CV-00105-JDM-DAS**

**L.T. BOBBY ADAMS, ET AL.**                                                      **DEFENDANTS**

**ORDER DIRECTING CLERK OF THE COURT TO ISSUE
NOTICES OF LAWSUITS AND REQUESTS TO WAIVE SERVICE OF
SUMMONS UPON DEFENDANTS**

*Pro se* plaintiff John Wayne McChriston, Jr., is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings the instant complaint challenging the conditions of his confinement. The defendants named are L.T. Bobby Adams, Major Davie Taylor, and C.O. 1 Jamie Doe. The plaintiff is proceeding as a pauper. After liberally construing the plaintiff's complaint [1] and supporting documents, it is

**ORDERED**:

(1)      That the Clerk of the Court issue *Notices of Lawsuit and Requests to Waive Service of Summons* for Defendants. The Clerk is **DIRECTED** to attach a copy of this Order to a copy of the Complaint [1], any supporting documents [1-1], [5], issued *Notices*, and the *Waiver of the Service of Summons* form and send them, respectively, via High Priority/Return Receipt email to: **L.T. Bobby Adams and Major Davie Taylor,** in care of Janis G. Stanciel. *Defendants are **DIRECTED** to file a signed Waiver form or a Response, within 30 days*.

If counsel is receiving this Order and is unable to execute a *Waiver* for a defendant because the Defendant is not employed by the entity that counsel represents or because, after due diligence, counsel is unable to identify the Defendant from the *Notice* and Complaint, a Response should be filed. The Response, from counsel, should contain the name of the Defendant and, if previously employed by the

entity counsel represents, the Defendant's last known address.  If the Response contains the last known address, counsel must file it under seal.

(2)     Defendants shall file their answers or other responsive pleadings in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

(3)     As provided in the Federal Rules of Civil Procedure, discovery is stayed until further order of this Court.

(4)     Subpoenas shall not be issued except by order of the Court.  The Clerk of the Court shall not issue subpoenas upon request of the *pro se* litigant, but shall, instead, forward the request to the Magistrate Judge assigned to the case for review.

This Order allowing process to issue against the Defendants does not reflect any opinion of the Court regarding the merit of the claims in the Complaint.

**The Plaintiff is responsible for prosecuting this case.  Failure to keep the Court informed of a change of address or failure to comply with any Order of this Court will be deemed purposeful delay and contumacious act by the Plaintiff and may result in dismissal of this case.**

**SO ORDERED**, this, the 26th day of May, 2026.

/s/ David A. Sanders

**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**